UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MATTHEW CASCIO
*Plaintiff*

v.

THE ROMAN CATHOLIC ARCHDIOCESE
OF BOSTON and BERNARD J. LANE
*Defendants*

## COMPLAINT

### JURISDICTION

The United States District Court has jurisdiction over this matter on the basis of diversity of citizenship pursuant to 28 U.S.C., Sections 1332 and 1441 et seq., as the parties are citizens of different states.

### GENERAL ALLEGATIONS

1. The Plaintiff, MATTHEW CASCIO, is a resident of Monroe County, Indiana.

2. Defendant, THE ROMAN CATHOLIC ARCHDIOCESE OF BOSTON, A CORPORATION SOLE ("ARCHDIOSCESE"), is a corporation duly organized under c. 506 of the Acts of 1897 of the laws of the Commonwealth of Massachusetts, with a usual place of business at 66 Brooks Drive, in the City of Braintree, County of Norfolk, State of Massachusetts.

3. Defendant, Bernard J. Lane ("LANE") is an individual residing in Barnstead, New Hampshire.

1

## FACTS COMMON TO ALL COUNTS

4. At all times relevant to this action, Defendant ARCHDIOCESE controlled and directed the hiring, training, supervision and retention of clergy and lay personnel in the Archdiocese of Boston.

5. At all times relevant to this action, defendants LANE was a duly ordained Roman Catholic Priest who acted under the control and direction of defendant ARCHDIOCESE.

6. At all times relevant to this action, Defendant LANE, was a lay employee under the supervision and control of defendant ARCHDIOCESE.

7. Plaintiff CASCIO was sexually abused by Defendant LANE at Adolescent Counseling in Development House ("ACID HOUSE") in Malden, Massachusetts, during the year 1970. Although the abuse occurred in 1970, the Plaintiff repressed the memory of the acts of sexual abuse and only recently became aware of and recalled the various acts of sexual abuse.

8. Defendants, by their respective acts, both negligent and intentional, have inflicted severe emotional distress upon the Plaintiff.

9. Until recently, the Plaintiff has been unable to remember and/or to understand the damage which the Defendants have inflicted upon him. As a result of the acts of the Defendants, Plaintiff has been required to undergo psychological treatment and therapy, and will continue to require this treatment and therapy in the future.

10. Plaintiff is informed and believes that Defendant Lane and other deceased priests and lay employees who are unnamed in this action, committed numerous sexual assaults on

members of the parishes in the Archdiocese, under their care and supervision, and were open and notorious pedophiles.

11. Defendant ARCHDIOCESE knew, or in the exercise of reasonable care should have known, of the prior and on-going sexual assaults by Defendant Lane.

12. Defendant ARCHDIOCESE knew, or in the exercise of reasonable care should have known that the Defendant Lane was not a fit person to be placed in charge of the supervision of young males.

13. Defendant ARCHDIOCESE knew, or in the exercise of reasonable care should have known, that the Defendant Lane was not a fit person to be retained in a position in which he would have access to young males.

14. Defendant ARCHDIOCESE knew, or in the exercise of reasonable care should have discovered that the Defendant Lane was engaged in illegal and inappropriate sexual conduct with young males under his supervision.

15. Defendant ARCHDIOCESE failed to train and supervise the Defendant Lane to perform his duties as supervisor of young males properly.

16. Defendant ARCHDIOCESE knew, at various times prior to and during the time that Defendant Lane abused the Plaintiff that aforesaid acts of sexual abuse were occurring, but conspired to keep this from becoming public knowledge, which conspiracy made it possible for the Defendant Lane to commit, and to continue commit, sexual abuses and assaults upon the Plaintiff and others.

As a result of the assaults upon him by Defendant Lane and the negligence of the Defendant ARCHDIOCESE, the Plaintiff has been seriously and permanently injured, and continues to suffer at present from psychological disease, which impairs and affects all aspects of his life.

## COUNT 1

17. Plaintiff realleges paragraphs 1 through 16.

18. Defendant LANE assaulted, battered and sexually abused Plaintiff CASCIO.

As a direct result of the assault, battery and sexual abuse perpetrated upon the Plaintiff by Defendant Lane the Plaintiff was caused harm as more fully set forth below.

## COUNT II

19. Plaintiff realleges paragraphs 1 through 18.

20. Defendant LANE negligently inflicted emotional distress upon Plaintiff CASCIO.

As a direct result of the negligent infliction of emotional distress perpetrated upon the Plaintiff by Defendant Lane the Plaintiff was caused harm as more fully set forth below.

## COUNT III

21. Plaintiff realleges paragraphs 1 through 20

22. Defendant LANE intentionally inflicted emotional distress upon Plaintiff CASCIO.

As a direct result of the intentional infliction of emotional distress perpetrated upon the Plaintiff by Defendant Lane the Plaintiff was caused harm as more fully set forth below.

## COUNT IV

23. Plaintiff realleges paragraphs 1 through 22.

24. Defendant LANE breached his fiduciary duty to the Plaintiff to provide spiritual guidance and religious instruction to the Plaintiff when he sexually abused Plaintiff CASCIO, and committed clergy malpractice.

As a direct result of the breach of fiduciary duty perpetrated by Defendant Lane the Plaintiff was caused harm as more fully set forth below.

## COUNT V

25. Plaintiff realleges paragraphs 1 through 24.

26. Defendant LANE and Defendant Archdiocese breached their fiduciary duty to the Plaintiff to provide spiritual guidance and religious instruction to the Plaintiff when Defendant Lane sexually abused Plaintiff CASCIO, and committed clergy malpractice.

As a direct and proximate result of Defendant ARCHDIOCESE, and defendant LANE's breach of their duty, Plaintiff CASCIO was sexually assaulted. He suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages. He has incurred expenses and/or will likely incur future expenses for medical and psychological treatment, and has suffered loss of income.

As a direct result of the breach of fiduciary duty by Defendant Archdiocese and Defendant Lane the Plaintiff was caused harm as more fully set forth below.

## COUNT VI

27. Plaintiff realleges paragraphs 1 through 26.

28. Defendant ARCHDIOCESE is vicariously liable for the negligence of Defendant LANE which resulted in the sexual abuse of Plaintiff CASCIO.

As a direct result of vicarious liability for the negligence of Defendant LANE the Defendant Archdiocese caused the Plaintiff was caused harm as more fully set forth below.

## COUNT VII

29. Plaintiff realleges paragraphs 1 through 29.

30. Defendant ARCHDIOCESE and Defendant LANE's breach of their duty to Plaintiff CASCIO was the result of willful or wanton misconduct, acts or omissions intentionally designed to harm, and grossly negligent acts or omissions.

As a direct result of the breach of fiduciary duty and willful or wanton misconduct, acts or omissions intentionally designed to harm, and grossly negligent acts or omissions, the Defendant LANE the Defendant Archdiocese caused the Plaintiff was caused harm as more fully set forth below

## COUNTVIII

31. Plaintiff realleges paragraphs 1 through 31.

32. Defendant ARCHDIOCESE negligently inflicted emotional distress upon Plaintiff CASCIO.

As a direct result of the negligent infliction of emotional distress perpetrated upon the Plaintiff by Defendant Archdiocese the Plaintiff was caused harm as more fully set forth below.

## COUNT IX

33. Defendant realleges paragraphs 1 through 33.

34. Defendant ARCHDIOCESE and Defendant LANE each, at various times during the aforesaid sexual abuse of Plaintiff CASCIO and for years afterward intentionally and fraudulently hid the existence of the aforesaid acts of sexual abuse, conspired to keep this

information from becoming public knowledge, and protected the offending Defendant Lane and other priests from criminal prosecution.

35. By virtue of said conspiracy, Defendant ARCHDIOCESE and Defendant LANE are jointly and severally liable to the Plaintiff for the injuries which he has suffered because of the acts of Defendant Lane , who was able thereby to commit, and to continue to commit, sexual abuses and assaults upon Plaintiff CASCIO.

As a direct, legal and proximate result of each of the causes of action hereinabove alleged the Plaintiff has suffered emotional, physical, psychological and emotional harm which have developed and occurred and will in the future continue to develop and occur.

WHEREFORE, The Plaintiff demands judgment against the Defendants on each of the Counts stated, in an amount which is fair, just and adequate for the injuries and damages sustained, and the pain and suffering endured, plus interest and costs.\

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS

Plaintiff,
By his Attorney,

Kenneth M. Levine, BBO# 296850
KENNETH M. LEVINE & ASSOCIATES
32 Kent Street
Brookline, MA  02445
(617) 566-2700

DATED: March 15, 2017